| Fill in this Information to identify the case: | |
|---|---|
| Debtor 1 | Joseph D Werkmeister |
| | First Name   Middle Name   Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the District of Nebraska. | |
| Case number: | 18-40827 |

FILED

22 JAN 21 PM 12: 51

UNITED STATES BANKRUPTCY CLERK
FOR THE DISTRICT OF NEBRASKA
OMAHA

## Form 1340 (12/19)

## APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

### 1. Claim Information

For the benefit of the Claimant(s)[1] named below, application is made for the payment of unclaimed funds on deposit with the court. I have no knowledge that any other party may be entitled to these funds, and I am not aware of any dispute regarding these funds.

Note: If there are joint Claimants, complete the fields below for both Claimants.

| Amount: | 38443.30 |
|---|---|
| Claimant's Name: | PHI Financial Services, Inc. |
| Claimant's Current Contact Information: | Claimant's Street Address: 7100 NW 62nd Ave, PO Box 1050 |
| | City: Johnston   State: IA   Zip Code: 50131 |
| | Phone Number: (888) 248-4030   Email Address: kim.jones@corteva.com |

### 2. Applicant Information

Applicant[2] represents that Claimant is entitled to receive the unclaimed funds because (check the statements that apply):

☐ Applicant is the Claimant and is the Owner of Record[3] entitled to the unclaimed funds appearing on the records of the court.

☐ Applicant is the Claimant and is entitled to the unclaimed funds by assignment, purchase, merger, acquisition, succession or by other means.

☒ Applicant is Claimant's representative (e.g., attorney or unclaimed funds locator).

☐ Applicant is a representative of the deceased Claimant's estate.

### 3. Supporting Documentation

☑ Applicant has read the court's instructions for filing an Application for Unclaimed Funds and is providing the required supporting documentation with this application.

---

[1] The Claimant is the party entitled to the unclaimed funds.
[2] The Applicant is the party filing the application. The Applicant and Claimant may be the same.
[3] The Owner of Record is the original payee.

## 4. Notice to United States Attorney

☑ Applicant has sent a copy of this application and supporting documentation to the United States Attorney, pursuant to 28 U.S.C. § 2042, at the following address:

Office of the United States Attorney
Attn: Douglas R. Semisch
1620 Dodge Street, #1400
Omaha, NE 68102-1321

## 5. Applicant Declaration

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 11/30/2021

Signature of Applicant: *Kimberly Jones*

Printed Name of Applicant: Kimberly Jones

Street Address: 7100 NW 62nd Ave, PO Box 1050
City: Johnston  State: IA  Zip: 50131
Telephone: (888) 248-4030
Email: kim.jones@corteva.com

## 5. Co-Applicant Declaration (if applicable)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

Signature of Co-Applicant (if applicable): _____

Printed Name of Co-Applicant (if applicable): _____

Street Address: _____
City: _____  State: _____  Zip: _____
Telephone: _____
Email: _____

## 6. Notarization

STATE OF Iowa
COUNTY OF Polk

This Application for Unclaimed Funds, dated 11/30/2021 was subscribed and sworn to before me this 30 day of November, 20 21 by

who signed above and is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument. WITNESS my hand and official seal.

(SEAL)  Notary Public *Maryse Croff*

~~My commission expires:~~
MARYSE CROFF
Commission Number 805140
My Commission Expires
June 29, 2023

## 6. Notarization

STATE OF _____
COUNTY OF _____

This Application for Unclaimed Funds, dated _____ was subscribed and sworn to before me this _____ day of _____, 20___ by

who signed above and is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument. WITNESS my hand and official seal.

(SEAL)  Notary Public _____

My commission expires: _____

[ Print ]  [ Save ]

# STATEMENT OF AUTHORITY

I, Kimberly Jones, am employed by PHI Financial Services. My job title is Senior Credit Analyst. In the performance of my job functions, duties, responsibilities, experience, and training during the course of my employment at Plaintiff, I am familiar with the record keeping system employed by Plaintiff to ensure complete and accurate records of transactions are maintained. These records (which include data compilations, electronically imaged documents, and others) are made: (1) at or near the time that the transaction reflected in those records took place by a person with knowledge of the acts or events; or (2) by a computer or other similar digital means that contemporaneously records an event as it occurs; or (3) from information provided by persons with knowledge of the activity and transactions reflected in such records. These records are kept in the course of business activity conducted regularly by Plaintiff. It is the regular practice of Plaintiff's business to make these records. In connection with making this affidavit, I have accessed and reviewed such business records in the course of Plaintiff's regularly conducted business activity and have found such records to be accurate and reliable and I have acquired personal knowledge of Defendant's account. Additionally in the course of my job functions, duties and responsibilities I have the authority to sign the attached Application for Unclaimed Funds on behalf of the Creditor, PHI Financial Services, Inc.

By: Kimberly Jones
Its: Senior Credit Analyst
For: PHI Financial Services, Inc.

STATE OF IOWA        )
                     ) ss.
COUNTY OF POLK       )

Signed and sworn to (or affirmed) before me on January 11, 2022 by Kimberly Jones.

Notary Public in and for said State

MARYSE CROFF
Commission Number 805140
My Commission Expires
June 29, 2023





Sent from my iPhone

| Form **W-9** | **Request for Taxpayer** | Give Form to the |
| --- | --- | --- |
| (Rev. October 2018)<br>Department of the Treasury<br>Internal Revenue Service | **Identification Number and Certification**<br>▶ Go to *www.irs.gov/FormW9* for instructions and the latest information. | requester. Do not<br>send to the IRS. |

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

Corteva Agriscience LLC

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only **one** of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC    ☐ C Corporation    ☐ S Corporation    ☐ Partnership    ☐ Trust/estate

☒ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ **P**

Note: Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is **not** disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) **N/A**

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

P.O. Box 2920

**6** City, state, and ZIP code

Wilmington, DE 19805

Requester's name and address (optional)

**7** List account number(s) here (optional)

### Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*, later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

**Social security number**

| | | | - | | | - | | | | |

**or**

**Employer identification number**

| 3 | 5 | - | 1 | 7 | 8 | 1 | 1 | 1 | 8 |

### Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**    Signature of U.S. person ▶ *Jordan Donovan*    Date ▶ December 16, 2020

## General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

- Form 1099-INT (interest earned or paid)
- Form 1099-DIV (dividends, including those from stocks or mutual funds)
- Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)
- Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)
- Form 1099-S (proceeds from real estate transactions)
- Form 1099-K (merchant card and third party network transactions)
- Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)
- Form 1099-C (canceled debt)
- Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See* What is backup withholding, *later.*

<div style="border:1px solid; padding:8px;">
**Fill in this information to identify the case:**

Debtor 1    Joseph D. Werkmeister

Debtor 2    _____
(Spouse, if filing)

United States Bankruptcy Court for the: District of Nebraska

Case number   18-40827
</div>

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

PHI Financial Services, Inc.
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

c/o Blitt and Gaines, P.C.
Name

2536 73rd Street
Number   Street

Des Moines    IA    50322
City    State    ZIP Code

Contact phone 515-212-6030

Contact email clow@blittandgaines.com

Where should payments to the creditor be sent? (if different)

_____
Name

_____
Number   Street

_____
City    State    ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on ___ / ___ / _____
          MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410      Proof of Claim      page 1

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __4__ __8__ __6__ __6__

**7. How much is the claim?** $_____192,216.50__. Does this amount include interest or other charges?

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____
Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____%
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. Check one: | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  6 / 21 / 2018
                   MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Mike Wineland |
| | First name    Middle name    Last name |
| Title | NA Credit Operations Manager |
| Company | PHI Financial Services, Inc. |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 7100 NW 62nd Ave., PO Box 1050 |
| | Number    Street |
| | Johnston                      IA    50131 |
| | City                          State    ZIP Code |
| Contact phone | 800-248-4030    Email |

 **Deferred Payment Loan Agreement**

PHI Financial Services, Inc.
7100 N.W. 62nd Ave., P.O. Box 1050
Johnston, IA 50131-1050
1-800-248-4030 FAX 1-515-253-5789

APR 01 2011

*Complete all 5 steps and send to PHI Financial Services, Inc.*

**Step 1: Credit Limit Requested** $ 140,000

For Office Use Only

**Step 2: Borrower Information** *(Please Print)*
Business Legal Name *(if applicable)* _____ Date of Incorporation/Organization _____
Legal Name *(First)* Joe *(Last)* Werkmeister *(M.I.)* _____
Physical/Residential Address *(No P.O. Box Except Military)* 74844 Road 383   Date of Birth _____
City Maywood   State NE   Zip 69038
Work Phone _____   Cell Phone _____   Home Phone _____
Fax _____   E-Mail Address _____
Rep/Retailer Name _____   Rep/Retailer ID # _____   Business Partner ID _____

**Step 3: Co-Borrower Information** *(If applicable, signature required below)*
Business Legal Name *(if applicable)* _____ Date of Incorporation/Organization _____
Legal Name *(if applicable)* Deborah L Hill   SSN/Tax ID# _____
Physical/Residential Address *(No P.O. Box except Military)* 74842 Road 383
City Maywood   State NE   Zip 69038

**Step 4: Entity Information:** I/We are signing this Agreement as a/an *(check one of the following, complete SSN/Tax ID # and enter Partner/Officer info if applicable)*
Select One:   ☒ Individual / Sole Proprietor   ☐ Applying for Separate Credit in my name alone
☐ Applying for joint credit with my spouse (if checked, both parties must initial) _____ _____
☒ Applying for joint credit with someone other than my spouse (if checked, both parties must initial) JDW  DLH

☐ General Partnership*   ☐ Limited Partnership*   ☐ Corporation*   ☐ Limited Liability Corporation*
Complete SSN / Tax ID #: _____

*Partnerships and Corporations must complete the following* (PRINTED NAME AND SSN REQUIRED)
\* Provide copy of Corporate Resolution or Partnership Agreement

| Partner / Member / President's Name | SSN | Partner / Member / Vice President's Name | SSN |
| Partner / Member / Secretary's Name | SSN | Partner / Member / Treasurer's Name | SSN |

**Step 5: By signing below, I/We agree to the following:**
*(See Page 2 for additional Deferred Payment Loan Agreement Terms and Conditions before signing)*

1. I have read, understand and agree to the Terms and Conditions of the Deferred Payment Loan Agreement.
2. I agree that PHI Financial Services, Inc. is making no representation or warranties with regard to the products or services and is a separate entity from the selling companies.
3. All entities or individuals signing below are Borrowers or Co-Borrowers.
4. I agree that this Agreement is not valid until written confirmation of approval is received by me from PHI Financial Services, Inc.
5. If applicable, I am authorized to enter into this Agreement by the entity for which I sign and the entity has or does hereby authorize the entering into this Agreement and the performance of its terms.
6. Communications concerning disputed debts, including an instrument tendered as full satisfaction of a debt, must be sent to PHI Financial Services, Inc., c/o Customer Service, 7100 N.W. 62nd Avenue, P.O. Box 1050, Johnston, IA 50131-1050.
7. I understand funds available for this program may be limited.
8. I hereby agree that this Agreement may be executed by me and sent by facsimile transmission of the signature page to PHI Financial Services, Inc. and the Agreement so received by PHI Financial Services, Inc., shall be deemed to be the equivalent of an original signature and shall be a fully valid and binding Agreement of mine as if executed by original signature.
9. I consent to the collection, use and disclosure by PHI Financial Services, Inc. of the personal information provided herein and such other contact, credit and other financial information as may be required from time to time ("Personal Information"), for the purposes set out under "My Personal Information" on Page 3.

I agree and authorize you and your agents to obtain, exchange or verify credit information about me from time to time from any source and from time to time to report to any source, credit experience with me or credit information about me. I specifically authorize you to share my credit limit, balance information and loan status information with Pioneer HiBred International, Inc., E.I. DuPont de Nemours and Company, and retailers and sales representatives of either company.

X *Joe Werkmeister*  3-21-11
Borrower *(Individually and on Behalf of Entity, if Applicable)*   Date
Joe Werkmeister
X _____
Co-Borrower *(Individually and on Behalf of Entity, if Applicable)*   Date

X *Deborah Hill*  3-21-11
Co-Borrower *(Individually and on Behalf of Entity, if Applicable)*   Date
Deborah L Hill
X _____
Co-Borrower *(Individually and on Behalf of Entity, if Applicable)*   Date

Page 2 – 2011



Date: August 26, 2015
Business Partner ID: 

Dear Joe Werkmeister,

Your 2015 Deferred Payment Loan (also referred to as TruChoice Financing) with PHI Financial Services, Inc. has been approved with a credit limit of $170,000 for the 2015 crop year. This approval is based upon information we currently have about you and your operation, including your name and address as shown on this letter. If the name and address information shown is not correct, or if you are a partnership or corporation and the principals involved with the entity have changed, please call our office at 1-800-248-4030, option 1, to notify us of the changes.

Contact your Pioneer Sales Professional and/or participating Crop Protection Retailer to discuss the interest rate available to you for your 2015 Deferred Payment loan.

PHI Financial Services, Inc. will pay the selling company direct for the products you finance. The balance on your loan at PHI Financial Services, Inc. is due in full on December 1, 2015. In the event that you want to make a payment on your loan prior to this time, please refer to the enclosure that outlines the different options available to you.

To review your loan balance and detailed loan transaction information throughout the year, sign in to www.pioneer.com and follow the steps on the enclosure.

Your approval for 2015 is subject to all the terms and conditions of your Agreement. Pursuant to the section of the Agreement entitled Amendments and Termination / Notice, we have the obligation to notify you of any changes to the terms and conditions of your Agreement with us. We are attaching a copy of the terms of the Agreement for your review. These terms will become a part of your 2015 crop year loan and under the above section in the Agreement, your use of the loan will indicate your acceptance.

Sincerely,

PHI Financial Services, Inc.

⇩ *No payment is required at this time. Payment coupon provided if you would like to make a payment.* ⇩



PAYMENT COUPON

Date: August 26, 2015          Amount Enclosed: _____
Business Partner ID:      Make checks payable to: PHI Financial Services, Inc.
                                                *Send Payments to:*

Joe Werkmeister
74842 Road 383                                  PHI Financial Services, Inc.
Maywood, NE 69038                               P.O. Box 660635
                                                Dallas, TX 75266-0635

Joe Werkmeister
74842 Road 383
Maywood, NE 69038

# Deferred Payment Loan Agreement

Borrower/Co-Borrower (which may be referred to hereinafter as "I" or "me") promises to pay PHI Financial Services, Inc. (PHI Financial), or its order at the address provided on this form or as changed by notice the amount owed under this Deferred Payment Loan Agreement ("Agreement") as agreed and described below.

The borrower and co-borrower, if any, separately and jointly agree to be obligated to pay all obligations arising under this Agreement. Anyone listed as a borrower or co-borrower is authorized to enter a transaction for an advance to be made on this Agreement. Any extension of new credit to any of us, or renewal of this Agreement by all or less than all of us, will not release any borrower/co-borrower from any duty to pay it.

**Products:** Advances will be made only for products or services authorized by PHI Financial to be purchased with Deferred Payment (collectively, the "Products"). Advances for the purchase of Products will be made under this Agreement when Products are purchased, either orally or in writing, and PHI Financial is informed (including electronically) by a company selling the Product that such a purchase has been made using Deferred Payment. PHI Financial may at any time, without notice, change the Products that may be financed under this Agreement. PHI Financial makes no representation or warranties with regards to the products or services and is a separate entity from the selling companies.

**Line of Credit:** The credit limit stated is the maximum amount of principal that can be borrowed and outstanding at any one time under this Agreement unless the limit is changed by PHI Financial. In subsequent years, the annual maximum line of credit amount shall be the amount as set forth in the final approval letter that I receive prior to each crop year from PHI Financial. Any repaid principal may be reborrowed up to my limit. PHI Financial can increase or reduce the credit limit, renew the credit line or terminate this Agreement or the credit line without any notice.

PHI Financial will make periodic advances until the Maturity Date (the December 1st of the crop year for which the Product is purchased or a later date if so notified in writing by PHI Financial) up to the stated credit limit if the terms of this Agreement are not violated and a default has not occurred. I agree that advances will only be made for business purposes. Unless PHI Financial notifies me in writing, this line of credit will expire after the Maturity Date. PHI Financial may, in its sole discretion, renew the line of credit for additional years by written notice. Furthermore, any notices of pre-approval are conditional upon an approval of the line of credit for the crop year. If I am approved for a line of credit in the subsequent year, then PHI Financial may, in its sole discretion on a case-by-case basis, add the principal and interest balance from my prior year loan to my line of credit for the subsequent year loan. If PHI Financial so elects, then I agree that such amount shall be subject to the terms and conditions for the subsequent year line of credit, including application of interest rate in effect as of the date of rollover to the subsequent year line of credit. Interest before that day will accrue pursuant to the then current applicable terms.

**Discounts:** If all obligations are not paid on or before the Maturity Date, PHI Financial may add to the outstanding principal balance on the day following the Maturity Date an amount equal to discounts, if any, received from the seller even if this causes the outstanding balance to exceed the credit limit.

**Return of Products Purchased:** In the event any Product is returned, PHI Financial is authorized to receive and apply to this Agreement a payment in the amount of the credit received for the returned Product.

**My Personal Information:** I consent to the collection, use and disclosure of my Personal Information by PHI Financial Services, its affiliates and subsidiaries and any third parties for the purposes of: (i) evaluating this agreement; (ii) determining my current and ongoing creditworthiness; (iii) administering and managing the requested loan; (iv) collecting delinquent amounts; and (v) for any other purposes required or permitted by law. Such collection, use and disclosure may involve parties located outside the country. If I provide my Social Security Number or other identifying information, I consent to its use for file administration, verifying my identity and matching credit information, and other purposes set forth above.

As Part of this transaction, PHI Financial Services may collect, use and disclose Personal Information about me including; company name, address, banking and credit information as well as name, phone number, email address and other contact details of natural persons within my organization and my contractors. PHI Financial Services may share Personal Information with its affiliates and selected third parties around the world in order to complete the transaction and as described in our privacy statement and Global Information Privacy Policy, which can be found at www.Pioneer.com/privacy.htm. If you wish to access, make corrections to or make other inquiries regarding your Personal Information held by PHI Financial Services, you may write to the address on page 1 of this form, attention Credit Manager.

**Disclosures of Rates and Changes:** I agree that the interest rate to be charged on this Agreement will be determined according to the interest rate criteria and eligibility requirements for each crop year as may be determined from time to time by PHI Financial, which may include rates under the TruChoice® Opportunity Program. Changes in the interest rate options will occur on a crop year-by-crop year basis and will be provided to me in writing in the form of letters sent during the approval process. Such notifications shall be deemed to be incorporated into the terms and conditions of this Agreement. All Products purchased prior to each crop year will be subject to the appropriate interest rate option(s) available for that crop year. My interest rate will be as indicated on the Deferred Payment Receipt(s) or Transaction Form (s) that is/are electronically, orally, or in written form transmitted to PHI Financial or as indicated on my Deferred Payment Receipt. I hereby agree that the purchase of Products signifies my agreement to be bound by the interest rate applicable to me under that particular year's interest rate criteria. In any given year it may be possible that my originally determined interest rate may need to be adjusted, either up or down, if my circumstances later indicate qualification under different criteria. In such a case I hereby agree that the interest rate previously indicated on any earlier Deferred Payment Receipt or Transaction Form(s) and my periodic statements will be adjusted accordingly. Each year's interest rate option(s) may refer to an Index Rate. In the event that I do not otherwise qualify for any particular year's interest options or for any other reason the then current interest rate options are not applicable, I agree to pay interest at the rate of Index Rate plus three percent (3%). The Index Rate is defined as the US Prime Rate as reported in the Money Rates column of The Wall Street Journal (Midwest Edition). The Index Rate and thus the interest rate charged hereunder may be adjusted daily using the US Prime Rate on the date of the change in The Wall Street Journal. There will be no limit on the magnitude of adjustments, except as that required by law, and there will be no minimum increments of adjustment. The interest rate will commence on the date indicated on the Deferred Payment Receipt or Date on the Transaction Form. The unpaid principal amount shall bear interest computed on the basis of a year of 360 days. The interest rate will be rounded to the nearest one hundredth of one percent. An increase in the variable rate will have the effect of increasing the final payment. The post maturity rate will be 18 percent on any unpaid balance. The variable rate and post maturity rate will never exceed the maximum permitted by law. (TEXAS RESIDENTS ONLY: The ceiling rate for this Agreement, both before and after maturity, is the indicated (weekly) ceiling rate announced by the Credit Commissioner from time to time.)

**Post Maturity Rate:** Unless otherwise prohibited by law, interest on the unpaid balance of this Agreement owing after the Maturity Date until paid in full will be increased to 18 percent per year. If this amount is greater than the maximum amount allowed by law, the interest charged shall be the maximum amount allowed by law.

**Loan Processing Fee:** Upon funding of your loan, a $10 processing fee will be assessed and advanced under the Agreement in the same manner as a Product purchase.

**Security Agreement Upon Default:** I hereby grant to PHI Financial a security interest in all of my growing crops, inventory of crops, farm products, accounts receivable, documents and instruments, warehouse receipts, government payments, general intangibles and accounts, and all proceeds of the foregoing, whether now owned or hereafter acquired, to secure payment of my obligations hereunder, provided, however, that this security interest shall not become effective until such time as I am in default under the terms of this Agreement. Upon my default, PHI Financial is hereby authorized to execute, if necessary, and to file on my behalf any and all documents as may be necessary to perfect such security interest. The security interest granted hereunder is not in limitation of any liens in favor of PHI Financial that may arise by operation of law.

**Payment:** Payment of all outstanding principal and interest shall be due and payable in full on the Maturity Date. Payments will first reduce the amount owed for charges. The remainder of each payment will first reduce accrued interest and then unpaid principal. I have the right at any time to pay in advance the unpaid balance under this Agreement. I will receive periodic statements prior to the Maturity Date, which reflect the then present principal and interest balance and interest rate. I hereby agree to review each statement and determine whether any inaccuracies are reflected in the statement. In the event I discover that such inaccuracies may exist, I agree to notify you in writing within 30 days of the statement date, informing you specifically of such inaccuracy. If I do not notify you, the statement shall be conclusively deemed to be accurate and I agree to waive any such claims in the future.

**Set Off:** PHI Financial has the right to set off, without notice, any amount owed under this Agreement against any right I have to receive money from PHI Financial or other selling companies. The right of set off applies no matter how many parties are obligated to pay this Agreement.

**Default:** Default will occur if any one or more of the following occur: 1) Failure to make full payment on time; 2) Failure to keep any other promise made in connection with this Agreement or any advance; 3) Failure to pay, or keep any other promise, on any other loan or agreement any Borrowers/Co-Borrowers have with PHI Financial or the selling companies; 4) any other creditor attempts to collect a debt through court proceedings; 5) Borrower/Co-Borrower dies; 6) Bankruptcy of any Borrower/Co-Borrowers, whether involuntary or voluntary; 7) anything happens which causes PHI Financial to reasonably believe that it will have difficulty collecting the amount owed. Other Fees, Collection Costs and Attorney Fees: I agree that I will be liable to PHI Financial for any additional charges reasonably expended by PHI Financial in perfecting its secured position. In any event, subject to applicable law, I agree to pay all costs of collection, including reasonable attorney fees and legal expenses, if the obligation to PHI Financial is not paid on time.

**Waiver:** PHI Financial is not required to: 1) demand payment of amounts due (presentment); 2) obtain official certification of nonpayment (protest); 3) give notice that amounts due have not been paid (notice of dishonor); 4) give notice of intention to accelerate; or 5) give notice of acceleration. I also give up rights I may have under any valuation and appraisement laws. By waiving PHI Financial's right to exercise any remedy upon an event of default, PHI Financial does not waive its right to later exercise its right to any remedy based upon such default.

**Warranties, Disclaimers, and Limitations of Remedies:** I agree not to assert any affirmative defenses or claims against PHI Financial based upon the Products.

**Successors and Assigns:** PHI Financial may sell this loan or assign this loan or participations in this loan to such third parties as PHI Financial sees fit.

**Remedies:** If there is a default, PHI Financial has the following cumulative remedies: 1) PHI Financial may demand immediate payment of all amounts owed; 2) PHI Financial may exercise its right of set off; 3) PHI Financial may demand security for, or additional parties to be obligated to pay this Agreement; 4) PHI Financial may refuse to make advances; 5) PHI Financial may use any other remedy PHI Financial has under state or federal law; and 6) PHI Financial may enforce any security interest granted hereunder.

**Governing Laws and Venue:** The laws of the State of Iowa will govern this Agreement and collection of amounts due under it. Borrower/Co-Borrower agrees that any action regarding the Agreement and the collection of amounts due under it may be brought in Polk County, Iowa. Borrower/Co-Borrower consents to jurisdiction of such court over the Borrower/Co-Borrower and agree that service of process as provided by Iowa rules (governing state and federal courts) for nonresident persons or foreign corporations shall be sufficient.

**Amendments and Termination:** Except as may be indicated elsewhere, amendments to this Agreement may be made in one of two ways. First, I agree that PHI Financial may send me a written notice notifying me of changes to this Agreement. I agree that any advances made after the date of such notice shall be governed by that notice, and my decision to request further advances under this Agreement after the written notice will signify my acceptance of those changes. Alternatively, as determined on a case-by-case basis by PHI Financial, I may be requested to enter into a written amendment to this Agreement and I agree that I will have the option of entering into such a written amendment. Any alleged modification, which is not so documented by written agreement or written notice of amendment from PHI Financial, shall not be effective as to any party, and in such case the original terms of this Agreement shall apply.

**Notice:** To the extent that written notice to me is required under the terms of this Agreement, I agree that PHI Financial shall satisfy notice to me by sending a letter, by regular mail to me at the address shown on the reverse side of such other address known by PHI Financial to be correct.

**WISCONSIN RESIDENTS ONLY – DEFAULT AND TERMINATION:** Default occurs if any one or more of the following occur: 1) Failure to make payment(s) on time or in the amount due; 2) Failure to do something which causes PHI Financial to reasonably believe that PHI Financial will have difficulty collecting the amount owed. If there is a breach of any of the affirmative covenants or a default has occurred as set forth above, PHI Financial may refuse to make advances to me or allow purchases on credit. If my spouse terminates this Agreement under §.766.565(5). Wis. Stat., PHI Financial may declare the total unpaid balance (including unpaid interest) immediately due and payable. In the event of termination, PHI Financial is not obligated to, but may in PHI Financial's discretion, grant any loan payable by me under the terms of this Agreement. Termination, for whatever reason, does not affect PHI Financials rights, powers, and privileges, or any Borrower/Co-Borrower duties and liabilities with regard to the then outstanding balance under this Agreement. By selecting any one or more of these remedies, PHI Financial does not give up its right to use any other remedy. By waiving PHI Financials right to exercise any remedy upon an event of default, PHI Financial does not waive its right to later exercise its right to any remedy based upon such default.

**Notice to Wisconsin Residents:** If this Agreement is to be secured using other documents referring to this Agreement, I agree that I will be liable to PHI financial for any additional charges reasonably expended by PHI Financial in perfecting its secured position. In any event, I agree to pay all costs of collection if I do not pay my obligation to PHI Financial.

**NOTICE TO MARRIED WISCONSIN RESIDENTS:** No provision of marital property agreement, a unilateral statement under §.766.59 Wis. Stats., or a court decree under §.766.59 Wis. Stats., adversely affects the interest of the creditor, unless the creditor, prior to the time the credit is granted or an open-end plan is entered into, is furnished a copy of the agreement, statement or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred.

**Notice to Illinois Residents:** 1. This Agreement shall not become effective unless and until the buyer (i.e. Borrower/Co-Borrower) has received the disclosure required pursuant to the Federal Truth in Lending Act (15 U.S.C. 1601 et seq.). 2. There will be no grace period offered to enable the Borrower/Co-Borrower to repay the principal balance of the Agreement or any singular advance without incurring interest changes.



**2015 Deferred Payment Loan Statement**
Statement Date: May 9, 2018
Customer Number: ███████

## Loan Summary:

| | |
|---|---|
| **Maturity Date:** | December 1, 2015 |
| **Principal:** | $ 170,010.00 |
| **Interest:** | $  22,206.50 |
| **Balance:** | $ 192,216.50 |

For payment information, please call 1-800-248-4030

| Post Date | Principal Amount | Interest Amount | Description |
|---|---|---|---|
| 08/29/2016 | $0.00 | ($5,000.00) | *Payment - CK#0000003357 |
| 08/19/2015 | $10.00 | $0.00 | Loan Processing Fee |
| 08/19/2015 | $92,101.18 | $0.00 | Pioneer Product Purchase |
| 08/19/2015 | $32,471.83 | $0.00 | Pioneer Product Purchase |
| 08/19/2015 | $45,426.99 | $0.00 | Pioneer Product Purchase |

### Customer Service Information

For address changes, inquiries, comments; or payment mailing address - please contact Customer Service at:

Toll-free: 1-800-248-4030  |  E-Mail: PHIFS@pioneer.com

⇩ *Please Detach and Mail with Payment* ⇩



**PAYMENT COUPON**

Statement Date: May 9, 2018
Customer Number: ███████

Amount Enclosed: $_____
Make checks payable to: **PHI Financial Services, Inc.**

Joe Werkmeister
74842 Road 383
Maywood, NE  69038

PHI Financial Services, Inc.
PO Box 733260
Dallas, TX  75373-3260